IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JAMES RALEIGH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case:4:21-CV-00044-MTS |
| | ) |
| DONALD A. DEGRANGE, M.D., | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFFS' MOTION IN LIMINE #15
REGARDING ALLEGED FAILURE TO MITIGATE DAMAGES**

Prior to the selection of the jury, Plaintiff moves *in limine* for an order directing the Defendant, the Defendant's counsel, and any witnesses called by the Defendant to refrain from making any direct or indirect mention, whatsoever, at the trial before the jury, of the matters hereinafter set forth, without first obtaining permission from this Court, outside the presence and hearing of the jury the following topic: ***any alleged failure by Plaintiff to mitigate damages***.

Defendant's Fifth and Ninth Affirmative Defenses included allegations that Plaintiff "failure to mitigate damages" and as a result his recovery should be barred or reduced. When presenting a "failure to mitigate" defense, there must be evidence that the plaintiff's alleged failure caused the condition of which the plaintiff complains. Stone v. Duffy Distributors, Inc., 785 S.W.2d 671, 676 (Mo. App. S.D. 1990). Defendant is required to prove that the plaintiff sustained damages which would not have occurred otherwise. Rider v. YMCA of Greater Kansas City, 460 S.W.3d 378 (Mo. App. W.D. 2015). A defendant in a personal injury case seeking to submit a failure to mitigate jury instruction must produce expert testimony that the plaintiff's alleged non-compliance inhibited the plaintiff's recovery or exacerbated his/her condition. Mueller v. Bauer, 54 S.W.3d 652, 657 (Mo. App. E.D. 2001).

In the present case, Defendant has failed to produce any factual support or expert opinion to substantiate its claims that Plaintiff failed to mitigate his damages. No witness in the case, expert or otherwise, have opined that Plaintiff was ever non-compliant with ordered or recommended treatment or that any alleged act or inaction of Plaintiff affected his recovery, outcome, injuries or damages in any way.

WHEREFORE, Plaintiff respectfully request that this Court enter an order directing the Defendant, Defendant's counsel, and any defense witnesses not to mention, refer to or interrogate concerning, or voluntarily answer or attempt to convey before the jury, at any time during these proceedings, in any manner, either directly or indirectly, the subject matter as stated above, without first informing the Court and obtaining permission of the Court, outside the presence and hearing of the jury; and further, to instruct the Defendant, Defendant's counsel, and any defense witnesses not to make any reference or inference to the fact that this motion has been filed, argued or ruled upon by this Court, and furthermore, that each respective counsel be instructed to warn and caution each and every witness appearing in their phase of this litigation to strictly comply with this ruling of the Court, and grant Plaintiff such other relief as this Court deems just and proper.

                                                              Respectfully Submitted,

                                                              Kyle R. Kasmarick

Kyle R. Kasmarick
*Pro Hac Vice*
Syregelas & Kasmarick, LLC
19 North Green Street
Chicago, Illinois 60607
(312) 243-0900
ARDC #6296887
kkasmarick@syregelaslaw.com

## Certificate of Service

The undersigned hereby certifies that the foregoing was filed electronically through the Court's electronic filing System on December 16, 2022, which served a copy of the foregoing upon counsel of record.

    Peter F. Spataro, pspataro@bjpc.com

    Joseph F. Callahan, jcallahan@bjpc.com

_____<br>Kyle R. Kasmarick

Kyle R. Kasmarick
*Pro Hac Vice*
Syregelas & Kasmarick, LLC
19 North Green Street
Chicago, Illinois 60607
(312) 243-0900
ARDC #6296887
kkasmarick@syregelaslaw.com