UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES RALEIGH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:21-cv-44-MTS |
| ) | |
| DONALD A DEGRANGE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff James Raleigh's Motion for New Trial, Doc. [113]. On February 13, 2023, the Court held a five-day jury trial in this action for medical malpractice. Ultimately, the jury returned a verdict in favor of Defendant, Dr. Donald deGrange. Doc. [105]. Plaintiff requests a new trial for two reasons. First, Plaintiff argues counsel for Defendant (the "Defense") made improper statements during closing argument that prejudiced the jury. Second, Plaintiff argues Defendant's medical expert, Dr. James Harrop, improperly fashioned his trial testimony based on reviewing Plaintiff's medical expert's, Dr. Marc Levin, deposition/trial testimony in violation of the Court's general sequestration order and Federal Rule of Evidence 615. The Court does not find either point persuasive and denies Plaintiff's motion for a new trial.

### DISCUSSION

As to Plaintiff's first argument, the Court previously rejected it. *See* Doc. [112] at 14 (14:8–11). Upon reconsideration, the Court does not find the Defense's statements during closing argument "plainly unwarranted and clearly injurious."[1] *Grussing v. Orthopedic & Sports Med.,*

---

[1] In a diversity case, such as the action here, the propriety of closing arguments is governed by federal law and "grants considerable discretion to the trial court to control arguments." *Grussing v. Orthopedic & Sports Med., Inc.*, 892 F.3d

1

*Inc.*, 892 F.3d 953, 957 (8th Cir. 2018) (citing *Vanskike v. Union Pac. R. Co.*, 725 F.2d 1146, 1149 (8th Cir. 1984)).  Plaintiff bore the burden to prove at trial that Defendant's misplacement of the pedicle screw caused injury to the L5 nerve root.[2]  At trial, the Defense produced medical expert Dr. Kishan Yalavarthi, a neuroradiologist qualified to interpret nerve related imaging, who testified the L5 nerve would not be near the screw Defendant placed.  Plaintiff did not produce an expert at trial to counter such testimony.  During closing argument, the Defense highlighted this deficiency in Plaintiff's case—notably, on a key issue of which Plaintiff had the burden of proof—by pointing out Plaintiff's failure to retain a qualified expert or otherwise elicit testimony that the pedicle screw *was* near the L5 nerve root (and therefore, the screw injured the L5 nerve).  *See* Doc. [112] at 13–14 (13:4–14:16).  The Court does not find that an argument identifying a party's failure to produce evidence on a key issue at trial, especially when that party has the burden of proof on that issue, is improper under federal law.  *Kostelec v. State Farm Fire & Cas. Co.*, 64 F.3d 1220, 1228 (8th Cir. 1995) (concluding closing argument comments were proper where counsel "was simply commenting upon the lack of evidence presented by State Farm to support its claim of arson, an issue on which State Farm had the burden of proof").  Contrary to Plaintiff's argument, the Defense did not ask the jury to "speculate" about evidence not in trial or to draw a "negative inference" from a "missing witness," Doc. [114] at 4–5; the Defense simply pointed out that Plaintiff failed to offer any countervailing evidence to the Defense's argument that Defendant's placement of the screw could not have injured Plaintiff's L5 nerve.

---

953, 957 (8th Cir. 2018) (citing *Kostelec v. State Farm Fire and Cas. Co.*, 64 F.3d 1220, 1228 (8th Cir. 1995) & *Vanskike v. Union Pac. R. Co.*, 725 F.2d 1146, 1149 (8th Cir. 1984)).

[2] *See Kappel v. Slickman*, 401 S.W.2d 451, 453 (Mo. banc 1966) (holding that the burden of proof for each element of a medical malpractice claim, including causation, is on the plaintiff); *see also* Doc. [103] at 4 (summary of case in jury instructions stated "Plaintiff claims that Defendant negligently performed the operation . . . causing injury to his left L5 nerve. Defendant denies liability to Plaintiff and denies that he caused any injury to Plaintiff's L5 nerve."); *id.* at 24 (jury instructions for negligence); *id.* at 7 (parties stipulated facts).

As to Plaintiff's second argument, the Court also previously rejected it at trial.  *See* Doc. [111] at 47–49 (47:7–49:1).  The Court again rejects this argument and notes Dr. Harrop's review and comment on Dr. Levin's testimony did not violate the Court's sequestration order, Federal Rule of Evidence 615, or otherwise cause relevant prejudice to Plaintiff.  Most notably, Dr. Harrop did not offer any opinions at trial that were different from the opinions he was disclosed to offer and *did* offer *before* trial,[3] and Plaintiff does not dispute that point.

## Conclusion

The Court denies Plaintiff's request for a new trial based on its "sound discretion" and for the reasons discussed in this Memorandum and Order and previously at trial.  *Howard v. Mo. Bone and Joint Center, Inc.*, 615 F.3d 991, 995 (8th Cir. 2010) ("Under Rule 59, the decision to grant a new trial lies within the sound discretion of the trial court, and its decision will not be reversed on appeal absent a clear abuse of that discretion.").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for New Trial, Doc. [113], is **DENIED**.

Dated this 16th day of May, 2023.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[3] Given that Dr. Harrop's opinions had been disclosed and offered before trial by way of a Rule 26 disclosure and deposition testimony, Plaintiff's counsel was certainly free to ask Dr. Levin why he disagreed with Dr. Harrop's opinions during his January 24, 2023, deposition.

3